**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4449**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ALBERTO ALEMAN,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Bryson City.  Lacy H. Thornburg, District Judge.  (2:06-cr-00010-2)

Submitted:  January 17, 2008         Decided:  February 11, 2008

Before GREGORY and DUNCAN, Circuit Judges, and WILKINS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Samuel B. Winthrop, WINTHROP AND WINTHROP, Statesville, North Carolina, for Appellant.  Donald David Gast, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

On September 12, 2005, Alberto Aleman and Bruce Lee Richardson entered the Champion Credit Union, displaying handguns. The pair ordered bank personnel to get on the ground, then jumped over the counter and stole $16,887.23. Three months later, on December 19, 2005, Aleman and Richardson entered the United Community Bank, again displaying handguns. Aleman and Richardson again ordered customers and bank personnel to the ground at gunpoint, then jumped over the counter and stole $30,344. Aleman was ultimately charged, along with two others, in a nineteen count indictment with various bank robbery and firearms counts. Pursuant to a plea agreement, Aleman pled guilty to two counts of bank robbery by force, violence and intimidation, in violation of 18 U.S.C.A. § 2113(a) (West 2000 and Supp. 2007) and to two counts of using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C.A. § 924(c)(1)(A)(ii) (West 2000 and Supp. 2007).

Prior to Aleman's sentencing, the probation office prepared a presentence report. Aleman's offense level combined with a criminal history category of I resulted in an advisory guidelines range of 57 to 71 months' imprisonment. As noted in the presentence report, sections 924(c)(1)(A)(ii) and 924(c)(1)(C)(I) mandated that Aleman be sentenced to consecutive sentences of seven

- 2 -

years on the first § 924(c) violation and twenty-five years on the second § 924(c) violation.

Also prior to sentencing, defense counsel filed a sentencing memorandum. In the memorandum, counsel argued that the district court should impose a variance sentence on Aleman's bank robbery convictions. In support of a variance sentence, counsel noted that Aleman committed the robberies to financially support his family. Aleman refused to participate in a third robbery committed by his co-defendants because the family was no longer in financial difficulty. In support of sentencing leniency, counsel also argued that Aleman was estranged from his mother during his childhood; Aleman immigrated to the United States from Cuba at age thirteen; Aleman is able to speak, read, and write both Spanish and English even though he has had little formal education; and Aleman had no prior criminal record.

At sentencing, the district court, in accordance with Aleman's advisory guidelines range, sentenced Aleman to fifty-seven months' imprisonment on both bank robbery counts, to be served concurrently, and to seven years on the first § 924(c) violation and twenty-five years on the second § 924(c) violation, to be served consecutively. Aleman timely noted an appeal and has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967).[*] In

_____

[*]Aleman was informed of his right to file a pro se supplemental brief. He has elected not to do so.

his brief, Aleman argues that his sentence of 441 months was unreasonable. Aleman points to the language in 18 U.S.C.A. § 3553(a) (West 2000 and Supp. 2007) that a district court shall impose a sentence "sufficient, but not greater than necessary" to comply with the goals of sentencing. According to Aleman, the district court should have imposed a variance sentence of no more than one month imprisonment on each of the bank robbery convictions due to the mandatory minimum thirty-two year sentence he received on the two firearms convictions and due to the positive attributes listed in his sentencing memorandum. Aleman's argument is without merit.

After United States v. Booker, 543 U.S. 220 (2005), a sentencing court must engage in a multi-step process at sentencing. After calculating the correct advisory guidelines range, the sentencing court must consider the guidelines range, any relevant factors set forth in the guidelines, and the factors in 18 U.S.C. § 3553(a); then the court may impose sentence. United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005). On appeal, this court will affirm a post-Booker sentence if it "is within the statutorily prescribed range and is reasonable." United States v. Moreland, 437 F.3d 424, 432 (4th Cir. 2006). A post-Booker sentence may be unreasonable for procedural or substantive reasons. However, a sentence that falls within a properly calculated advisory

guidelines range is presumed to be reasonable. Rita v. United States, 127 S. Ct. 2456, 2462 (2007).

Aleman's sentence was procedurally reasonable. Section 3553(a)(1) requires the district court to consider the nature and circumstances of the offense and the history and characteristics of the defendant. Aleman's counsel described in detail Aleman's positive attributes in both a sentencing memorandum and at sentencing, and there is no indication in the record that the district court failed to consider those arguments raised by counsel. Rather, prior to sentencing Aleman, the district court stated specifically that it had considered the factors in § 3553(a) and the advisory nature of the guidelines. The court then imposed a sentence at the bottom of Aleman's advisory guidelines range on his bank robbery convictions and a sentence in conformity with the statutory requirements of § 924(c) on the firearms convictions.

Also, Aleman's sentence was substantively reasonable. Aleman received concurrent sentences of 57 months' imprisonment on each of two bank robbery convictions that the Assistant United States Attorney accurately described as an extraordinarily violent series of robberies. As noted in the presentence report, during each robbery, customers and bank personnel were ordered to the ground at gunpoint. Moreover, during the December robbery, the bank branch manager was forced to the ground and told that if he moved, he would be killed. Accordingly, Aleman has failed to rebut

- 5 -

the presumption of reasonableness afforded his advisory guidelines sentence of 57 months on both bank robbery convictions.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the judgment of the district court. This court requires that counsel inform Aleman, in writing, of the right to petition the Supreme Court of the United States for further review. If Aleman requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Aleman.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>